UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Mark Lenzi,<br><br>                Plaintiff,<br><br>   v.<br><br>United States Department of State, and<br>Antony J. Blinken,<br>United States Secretary of State,<br><br>                Defendants. | Case No. 1:21-cv-01371-PTG-IDD |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................ 1
BACKGROUND ............................................................................................................................. 3
ARGUMENT .................................................................................................................................. 6
I. THE GOVERNMENT DOES NOT DISPUTE THAT THE RETALIATION AND DISPARATE TREATMENT COUNTS WERE PROPERLY AMENDED TO ADDRESS THE COURT'S RULINGS AND THE PASSAGE OF TIME, AND HAS WAIVED ANY ARGUMENTS PERTAINING TO THOSE AMENDMENTS ..................................................... 6
II. THIS COURT HAS SUBJECT-MATTER JURISDICTION OVER PLAINTIFF'S FIRST AMENDMENT CLAIM, AND COUNT IV SHOULD NOT BE DISMISSED ........................... 8
CONCLUSION ............................................................................................................................. 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Fed'n of Gov't Emps. Loc. 1 v. Stone,*
   502 F.3d 1027 (9th Cir. 2007) ...............................................................................................13

*Bridges v. Colvin*,
   136 F. Supp. 3d 620 (E.D. Pa. 2015) .....................................................................................13

*Bryant v. Cheney*,
   924 F.2d 525 (4th Cir. 1991) ...................................................................................................9

*Elgin v. Dept. of Treasury*,
   567 U.S. 1 (2012)...............................................................................................................12, 14

*Exxon Mobil Corp. v. Allapattach Servs., Inc.*,
   545 U.S. 546 (2005).................................................................................................................8

*Hamed v. Saul*,
   432 F. Supp. 3d 610 (E.D. Va. 2020) ..................................................................................7, 8

*Hostetter v. United States*,
   739 F.2d 983 (4th Cir. 1984) ...................................................................................................8

*Maehr v. United States Dep't of State*,
   5 F.4th 1100 (10th Cir. 2021) ..................................................................................................8

*Perry v. Merit Sys. Prot. Bd.*,
   137 S. Ct. 1975 (2017).............................................................................................................12

*Pinar v. Dole*,
   747 F.2d 899 (4th Cir. 1984) ...................................................................................................8

*Polsdorfer v. Gearan*,
   1996 WL 451051 (D.D.C. Aug. 1, 1996) ...............................................................................11

*Semper v. Gomez*,
   747 F.3d 229 (3d Cir. 2014) ..................................................................................................11

*Smith v. Centra Health, Inc.*,
   2021 WL 1235023 (W.D. Va. Mar. 31, 2021).....................................................................7, 8

*Spagnola v. Mathis*,
   809 F.2d 16 (D.C. Cir. 1986).................................................................................................13

*Spagnola v. Mathis*,
  859 F.2d 223 (D.C. Cir. 1988) ............................................................................................11, 13

*Thompson v. Pope*,
  397 F. Supp. 2d 28 (D.D.C. 2005) ...............................................................................................11

*Trudeau v. FTC*,
  456 F.3d 178 (D.C. Cir. 2006) .......................................................................................................8

*U.S. Info. Agency v. Krc*,
  989 F.2d 1211 (D.C. Cir. 1993) ...................................................................................................10

*Webster v. Doe*,
  486 U.S. 592 (1988) ...................................................................................................................... 9

**Statutes**

5 U.S.C. § 702 ....................................................................................................................................8

22 U.S.C. § 4139 ........................................................................................................................10, 13

22 U.S.C. § 4140 ..............................................................................................................................12

28 U.S.C. § 1331 ..................................................................................................................2, 8, 9, 14

29 C.F.R. § 1614.407(b) .........................................................................................................5, 7, 10

Foreign Service Act ("FSA"), 22 U.S.C. § 3901 *et seq*. ............................................................ *passim*

Rehabilitation Act of 1973, 29 U.S.C. § 791 .......................................................................... *passim*

**Other Authorities**

3 FAM 1592 ......................................................................................................................................10

Federal Rule of Civil Procedure 12(b)(1) ...........................................................................................4

First Amendment to the U.S. Constitution ............................................................................. *passim*

**INTRODUCTION**

As a refresher for the Court, Mr. Lenzi is a tenured officer of the Foreign Service who has faithfully served the State Department for more than 10 years. Since his injury in the line of duty in Guangzhou, China and being diagnosed with a brain injury consistent with Havana Syndrome in 2018, Mr. Lenzi has been forced by the State Department to assume a domestic position for several years that affords him less pay, fewer benefits, and fewer opportunities for advancement and promotion than the foreign positions he desires and to which he has applied. Time and time again, the State Department has refused his requests for reassignment on a variety of pretextual and discriminatory bases despite Mr. Lenzi's best efforts.

Several of Mr. Lenzi's claims have already survived the Government's first Motion to Dismiss. After briefing and oral argument, this Court denied the Government's motion in part and granted it in part, leaving Mr. Lenzi's key claims of disparate treatment and retaliation under the Rehabilitation Act largely intact. With leave of the Court, Mr. Lenzi filed an Amended Complaint alleging additional facts to support these claims, including facts related to his newly ripened July 2021 EEO Complaint regarding a position in Krakow. Dkt. No. 27 ¶¶ 82-85, 98-99, 126 ("Am. Compl."). The amendments also included facts showing that Mr. Lenzi was retaliated against by his immediate supervisors after complaining to them directly. Am. Compl. ¶¶ 63, 65-66, 70, 121, 123. The Government does not dispute that these new allegations—which comprise the majority of Mr. Lenzi's amendments—were proper and well pleaded, and does not move to dismiss any of them. Thus, they properly constitute new additions to Mr. Lenzi's well-pleaded disparate treatment and retaliation claims (Counts II and III), which the Court has already permitted to proceed. The Government has waived any challenge to those amendments now.

In amending his Complaint, Mr. Lenzi also added detail to clarify that his First Amendment claim (Count IV) is solely directed toward injunctive and declaratory relief, rather than monetary

1

damages, thereby vitiating any assertion that the claim is barred by sovereign immunity. Am. Compl. ¶ 141, p. 53-54 (¶¶ L, M, N); see also Dkt. 20 at 27-28. Because Mr. Lenzi has withdrawn any damages claim with respect to the First Amendment count, the Government's new partial motion does not make ***any*** arguments suggesting that Mr. Lenzi's amended First Amendment claim is barred by sovereign immunity, which was the ***sole basis*** for this Court's prior dismissal of the claim. Dkt. 23 at 2 (granting motion to dismiss on originally pleaded First Amendment claim because "sovereign immunity precludes this Court from exercising jurisdiction over Plaintiff's ***damages claim***" (emphasis added)).[1] As discussed below, the Government's remaining arguments on the First Amendment count do not preclude this Court's jurisdiction over that claim. This Court has jurisdiction over civil actions arising under the U.S. Constitution pursuant to 28 U.S.C. § 1331, and furthermore, the First Amendment constitutional claim arises under the same nexus of facts as the Rehabilitation Act claims that Mr. Lenzi brought through the EEO process that this Court has already deemed sufficiently pleaded, and over which this Court plainly has jurisdiction. Mr. Lenzi may therefore pursue his First Amendment claim in this Court.

Ultimately, most of the Government's Partial Motion to Dismiss is directed toward issues that are not relevant at this stage of the case, and are distractions for the Court. *First*, the Government devotes several pages to Mr. Lenzi's failure to accommodate claim (Count I) that this Court previously dismissed. *See* Dkt. 29 at 4-11. While Mr. Lenzi included that claim in his amended complaint, Mr. Lenzi acknowledged the Court's prior ruling that this claim was not administratively exhausted and expressly noted that he "maintain[ed] Count One in th[e] amended

---

[1] *See also* Hr'g Tr. 57:25–58:7 ("But as to Count 4, you have pled for monetary damages in reference to your First Amendment arguments, and you talk about, well, I do ask for other relief. But I'm not going to imagine what other relief could be here and relate it to -- and what's related to the First Amendment. Because right now on these pleadings, it is not here. And so the motion to dismiss is granted as to Count 4 as well. All exceptions preserved, and I'll issue an order.").

2

pleading ***solely to ensure that his objections to the [Court's] legal ruling are preserved for any future appeal***." Dkt. 27 at 40 n.10 (emphasis added). Therefore, the Government's arguments on this Count are moot. Mr. Lenzi stands on the arguments he previously made with respect to the failure to accommodate count on administrative exhaustion and on other issues, and does not wish to burden the Court by relitigating these issues during this round of motion to dismiss briefing. *See* Dkt. 20 at Section I.C. *Second*, the Government devotes several pages to Mr. Lenzi's alleged "failure to promote" claim based on its administrative exhaustion arguments. Dkt. 29 at 6-10. Again, Mr. Lenzi does not wish to burden the Court on this issue, and subject to appellate preservation Mr. Lenzi does not intend to pursue a standalone "failure to promote" claim. Mr. Lenzi solely intends to pursue his well-pleaded disparate treatment claim, *see* Dkt. 23 at 1-2, along with the facts that are relevant to that claim that have already survived the first motion to dismiss. The Government does not (and cannot) dispute that the pleaded facts bearing on the Government's failure to reassign and promote Mr. Lenzi are relevant to the disparate treatment claim, regardless of whether Mr. Lenzi brings a claim that is solely "premised on [Mr. Lenzi's] failure to promote allegation." Dkt. 23 at 2.[2] Therefore, the Government's arguments on this issue are moot, and this Response focuses solely on the issues that warrant the Court's continued consideration.

## BACKGROUND

Mr. Lenzi filed his initial Complaint in this action on December 8, 2021, based on the State

---

[2] For example, the fact that Mr. Lenzi has remained employed at the FP-03 level since 2016, despite his allegation that promotions to FP-02 typically occur within three years, is merely one aspect of the employment purgatory in which he has been kept, and must be considered along with all other evidence showing that the State Department has engaged in disparate treatment of Mr. Lenzi. Am. Compl. ¶ 11. Regardless of whether Mr. Lenzi is permitted to pursue a "failure to promote" theory, the Government cannot dispute at this stage that Mr. Lenzi's maintenance as an FP-03 is circumstantial evidence that bears on the well-pleaded disparate treatment claim that the Court has allowed to proceed. *See* Hr'g Tr. 57:22-23 ("the facts here are sufficient for the claim to go forward on disparate treatment.").

3

Department's pattern of discrimination and retaliation against him due to his disability and his protected speech and activities. The initial Complaint included four causes of action. Counts I through III alleged failure to provide a reasonable accommodation, retaliation, and disparate treatment, respectively, all in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791 (the "Rehabilitation Act"). Based on a common nexus of operative facts, the Complaint also pleaded retaliation in violation of Mr. Lenzi's right to free speech under the First Amendment to the U.S. Constitution.

The Government moved to dismiss the original Complaint on February 22, 2022 at Dkt. No. 15, and after full briefing on the motion, this Court heard oral argument on April 14, 2022. On that date this Court ruled that Mr. Lenzi had sufficiently pleaded claims of retaliation and disparate treatment under the Rehabilitation Act (Counts II and III), but dismissed his claim for failure to accommodate (Count IV). Dkt. No. 23 at 1-2. The Court also dismissed Mr. Lenzi's First Amendment claim (Count I) under Federal Rule of Civil Procedure 12(b)(1) on the grounds that "sovereign immunity precludes this Court from exercising jurisdiction over Plaintiff's damages claim." *Id*. at 2.

During the April 14, 2022 hearing on the original motion to dismiss, the Court invited Mr. Lenzi to amend his complaint in several respects. *First*, the Court permitted Mr. Lenzi to amend his complaint to bolster his retaliation claim (Count II) by adding further allegations regarding Mr. Lenzi's statements to his superiors that were pertinent to his retaliation claims. Dkt. No. 24 ("Hr'g Tr.") 56:4-7 ("So the motion to dismiss is going to be granted as to that argument, but I'm going to give you leave to amend. Because perhaps there are other statements that he made to supervisors that would be actionable or would be considered protected activity."). While the Court permitted large portions of Mr. Lenzi's originally-pleaded retaliation claim to proceed, the additional

amendments allowed by the Court would address the Court's partial dismissal of the retaliation count with respect to "generalized complaints to supervisors about assignments and disclosures of Plaintiff's medical condition." Dkt. 23 at 1. *Second*, the Court implicitly permitted Mr. Lenzi to amend his complaint to address deficiencies the First Amendment count, which in the Court's view was solely directed toward a damages remedy. *See* Hr'g Tr. 46:2-6 ("[W]e can't do amendment through, you know, these types of pleadings . . . and arguments in court; it has to be here."); 58:2-6 ("But I'm not going to imagine what other relief could be here . . . Because right now on these pleadings, it's not here. And so the motion to dismiss is granted as to Count 4 as well.").

Beyond the allegations that the Court invited Mr. Lenzi to add to his complaint, one of Mr. Lenzi's EEO complaints became administratively exhausted after he filed his original complaint. Specifically, Mr. Lenzi filed an EEO complaint on July 28, 2021, alleging he was denied reassignment to Krakow, Poland due to the State Department's continued discrimination against him. Am. Compl. ¶ 98. In accordance with 29 C.F.R. § 1614.407(b), Mr. Lenzi was permitted to file a district court action with respect to the July 2021 EEO Complaint on or after January 24, 2022, which was 180 days from the date of filing. *Id*. ¶¶ 98-99. Amending the Complaint on May 6, 2022 to incorporate the July 2021 EEO Complaint was therefore also proper under 29 C.F.R. § 1614.407(b).

On May 6, 2022, Mr. Lenzi filed an Amended Complaint at Dkt. No. 27 which addressed these issues. It added allegations pertaining to the additional EEO Complaint filed in July 2021, allegations of retaliation based on specific comments made by Mr. Lenzi's supervisors, and revised Mr. Lenzi's First Amendment retaliation claim to request only declaratory and injunctive relief. For example, the Amended Complaint alleges that on October 22, 2020, Mr. Lenzi specifically informed his Career Development Officer, Andrew Kaleczyc, that he had filed EEO complaints

5

against the Agency, and further informed him that Mr. Lenzi had recently testified in front of Congressional committees regarding the State Department's pattern of discrimination—and would soon do so again. Am. Compl. ¶¶ 65-66, 123. Only 13 days later, Mr. Lenzi was informed that the Belgrade position had been offered to another applicant. *Id*. ¶ 67. The Amended Complaint also describes in detail the events leading up to his July 2021 EEO Complaint, in which he alleges that the State Department denied him a position in Krakow, Poland as yet another act of discrimination and retaliation against him. *Id*. ¶¶ 82-85, 126.

In response, the Government filed its Partial Motion to Dismiss on June 3, 2022.

## ARGUMENT

**I. THE GOVERNMENT DOES NOT DISPUTE THAT THE RETALIATION AND DISPARATE TREATMENT COUNTS WERE PROPERLY AMENDED TO ADDRESS THE COURT'S RULINGS AND THE PASSAGE OF TIME, AND HAS WAIVED ANY ARGUMENTS PERTAINING TO THOSE AMENDMENTS**

As established above, this Court permitted Mr. Lenzi to amend his Complaint in certain material respects with respect to his Rehabilitation Act claims, and the passage of time has permitted additional amendments with respect to Mr. Lenzi's ripened July 2021 EEO Complaint. Hr'g Tr. 46:2-6, 56:4, 58:2-6; Am. Compl. ¶¶ 98-99. The Government does not dispute these facts in its Partial Motion to Dismiss; nor does it dispute the propriety of nearly every substantive allegation added to Mr. Lenzi's First Amended Complaint.

*First*, at the Court's invitation and as noted above, the Amended Complaint includes further allegations that Mr. Lenzi raised complaints of his lack of reassignment and his medical condition directly with his supervisors, who thereafter retaliated against him. Am. Compl. ¶¶ 63, 65-66, 70, 121, 123. These allegations, including the details of Mr. Lenzi's statements to Mr. Kaleczyc regarding his EEO Complaints only days before he was denied a posting, respond directly to this Court's reasoning in granting Mr. Lenzi leave to amend. Hr'g Tr. 56:4-7 ("I'm going to give you

6

leave to amend. Because perhaps there are other statements that he made to supervisors that would be actionable or would be considered protected activity."). The Government does not argue that these allegations are insufficiently pleaded, or move to dismiss *any* portions of Mr. Lenzi's retaliation claim in its Partial Motion to Dismiss. Accordingly, the Government does not dispute that all of Mr. Lenzi's new allegations are properly pleaded additions to Mr. Lenzi's retaliation Count, and has waived any arguments for dismissal of Mr. Lenzi's newly pleaded retaliation allegations. *See Hamed v. Saul*, 432 F. Supp. 3d 610, 613 (E.D. Va. 2020) ("The Fourth Circuit has made clear that ordinarily it is improper to consider arguments raised for the first time in a reply brief."); *Smith v. Centra Health, Inc.*, 2021 WL 1235023, at *9 (W.D. Va. Mar. 31, 2021) ("[A]n argument raised for the first time in a reply brief or memorandum will not be considered.").

Aside from the properly added claims pertaining to the retaliation Count, Mr. Lenzi alleged new facts relating to his July 2021 EEO Complaint, which became ripe for suit in this Court on January 24, 2022—after the initial Complaint in this case was filed. Am. Compl. ¶¶ 98-99; 29 C.F.R. § 1614.407(b). The July 2021 EEO Complaint relates to Mr. Lenzi's denial for reassignment to a posting in Krakow, adding to the laundry list of adverse actions the State Department has taken against him due to his disability and protected activities, and lending further ammunition to Mr. Lenzi's disparate treatment and retaliation claims. Mr. Lenzi added numerous allegations relating to the Krakow assignment and Mr. Lenzi's failed efforts to procure it. Am. Compl. ¶¶ 82-85, 98-99, 126. The Government does not dispute that Mr. Lenzi has exhausted the EEO process with respect to the July 2021 EEO Complaint, and did not argue in its Partial Motion to Dismiss that the new allegations relating to this complaint and the Krakow assignment were improper or were not administratively exhausted. Therefore, the Government has also waived

7

any arguments on these issues with respect to its Partial Motion to Dismiss. *See Hamed v. Saul*, 432 F. Supp. 3d at 613; *Smith v. Centra Health, Inc*., 2021 WL 1235023 at \*9.

## II. THIS COURT HAS SUBJECT-MATTER JURISDICTION OVER PLAINTIFF'S FIRST AMENDMENT CLAIM, AND COUNT IV SHOULD NOT BE DISMISSED

This Court has subject matter jurisdiction over civil actions arising under the Constitution under 28 U.S.C. § 1331, which applies to Mr. Lenzi's First Amendment retaliation claim that, as amended, solely seeks injunctive and declaratory relief. *Exxon Mobil Corp. v. Allapattach Servs., Inc*., 545 U.S. 546, 552 (2005) (stating that Congress conferred on district courts original jurisdiction over civil actions that arise under the Constitution "[i]n order to provide a federal forum for plaintiffs who seek to vindicate federal rights.") (citing 28 U.S.C. § 1331). In light of Mr. Lenzi's amendment to his First Amendment challenge, the Government no longer argues that sovereign immunity—the only basis for the Court's prior dismissal—applies to this claim. *See* Order, Dkt. 23 at 2; *Maehr v. United States Dep't of State*, 5 F.4th 1100, 1106 (10th Cir. 2021); *Trudeau v. FTC*, 456 F.3d 178, 187 (D.C. Cir. 2006) (noting that 5 U.S.C. § 702 waived sovereign immunity for plaintiff's First Amendment action seeking equitable relief); *Hostetter v. United States*, 739 F.2d 983, 985 (4th Cir. 1984) (finding that 5 U.S.C. § 702 waived sovereign immunity for constitutional claims against federal agencies that seek injunctive relief); *Pinar v. Dole*, 747 F.2d 899, 909 (4th Cir. 1984) ("[F]ederal courts have the authority to grant injunctive relief to the victim of a constitutional violation by virtue of their jurisdiction to decide all cases arising under the Constitution.").

Now, without sovereign immunity, the Government focuses on preclusion based on the Foreign Service Act, but that argument is a red herring. Here, there is no dispute that Mr. Lenzi has properly brought his Rehabilitation Act claims pursuant to the EEO process, and that the corresponding counts of the Complaint (Counts II and III) pertaining to the Rehabilitation Act

were exhausted through the EEO process and properly brought before this Federal District Court.[3]

Thus, the only question here is whether federal question jurisdiction under § 1331 is precluded by the Foreign Service Act ("FSA"), 22 U.S.C. 3901 *et seq.*, when the First Amendment claim is brought under the same nexus of facts of other claims that are properly before this district court. The Government cannot (and does not) point to any cases where the FSA has precluded the type of constitutional claim presented here, and policies underlying the FSA and CSRA would counsel against preclusion of the First Amendment by the FSA.

The FSA does not preclude review of Plaintiff's First Amendment claim. "[W]here Congress intends to preclude judicial review of constitutional claims its intent to do so must be clear . . . We require this heightened showing in part to avoid the 'serious constitutional question' that would arise if a federal statute were construed to deny any judicial forum for a colorable constitutional claim." *Webster v. Doe*, 486 U.S. 592, 603 (1988); *Bryant v. Cheney*, 924 F.2d 525, 527-28 (4th Cir. 1991). There is no language in the FSA that explicitly precludes courts' subject matter jurisdiction over injunctive relief for constitutional claims. In fact, the FSA allows cases to be brought "under another provision of law, regulation, or Executive order," including regulations pertaining to the EEO process that resulted in Mr. Lenzi's Rehabilitation Act claims here, and in fact prohibits a grievant to file a grievance with the Foreign Service Grievance Board ("FSGB") until "the matter has been carried to final decision under such provision on its merits or [while it]

---

[3] In his EEO complaints, Mr. Lenzi raised the relevant facts for his First Amendment claim, demonstrating that there is a common nexus of operative fact with the EEO claims. *See, e.g.*, DEX 2 at 169 ("The Bureau of Diplomatic Security has retaliated against me for the negative press it has received from media outlets such as 60 Minutes and the NY Times."); DEX 2 at 5 ("After I was interviewed by 60 Minutes, the State Department Medical Bureau downgraded my medical clearance to a Class 5 (which meant that I could only serve domestically)."); PEX 2 at 8 ("The Bureau of Diplomatic Security's disability discrimination and retaliation against me for having a DRAD accommodation and for speaking out publicly about their discriminatory behavior caused DS/ST to, among other actions, cede US Embassy Athens position 56803003 to entry level in January 2021.").

is still under consideration." 22 U.S.C. § 4139(a)(1). The Foreign Affairs Manual,[4] which applies to Foreign Service Employees like Mr. Lenzi, expressly **forbids** Mr. Lenzi from pursuing a grievance under the Foreign Service Act in connection with his Rehabilitation Act claims brought under the EEO Process. *See* 3 FAM 1592 (noting that a member of the Foreign Service "ha[s] the option to elect the Equal Employment Opportunity (EEO) complaints procedure set forth in 29 CFR 1614 and 3 FAH-1 H-1511 or the Foreign Service Grievance System (3 FAM 4400) to process their EEO discrimination claims, **but not both**.") (emphasis added). Here, Mr. Lenzi elected the EEO process, not the Foreign Service Grievance procedure, to adjudicate his discrimination claims. And, after waiting over 180 days with no resolution of his multiple EEO complaints, Mr. Lenzi exercised his right to bring his case to district court, 29 C.F.R. § 1614.407(b). The Government cannot (and does not) dispute that the Rehabilitation Act claims or that the corresponding relevant factual allegations should have been brought elsewhere. Mr. Lenzi's First Amendment claim (the grievance) is part of the same "matter" as the Rehabilitation Act claims and belong alongside the Rehabilitation Act claims in this district court. Unsurprisingly, the Government cites no case where constitutional claims requesting declaratory or injunctive relief were precluded by the FSA. Indeed, the Government's apparent lead case for this proposition, *U.S. Info. Agency v. Krc*, 989 F.2d 1211, 1217 (D.C. Cir. 1993), actually ruled on the merits of a constitutional equal protection claim brought by a Foreign Service Officer, *see id.* at 1214-16, and the preceding D.C. Circuit opinion vacated a district court order finding no jurisdiction over the constitutional claim. 905 F.2d 389, 399 (D.C. Cir. 1990). The constitutional

---

[4] "The Foreign Affairs Manual (FAM) and associated Handbooks (FAHs) are a single, comprehensive, and authoritative source for the Department's organization structures, policies, and procedures that govern the operations of the State Department, the Foreign Service and, when applicable, other federal agencies." *Foreign Affairs Manual*, U.S. Department of State, https://fam.state.gov/ (last visited June 17, 2022).

10

claim had not been brought before the Foreign Service Grievance Board, and was first raised as a counterclaim directly in district court after the FSGB process had been exhausted. *Id.* at 393. Similarly, here, Mr. Lenzi has only brought his constitutional claim pursuant to a proper grant of jurisdiction based on his exhaustion of the EEO process based on a common set of facts.

The Government's two remaining cases likewise fail to preclude this Court's jurisdiction over the First Amendment claim because Mr. Lenzi only asks for equitable and declaratory relief, and both cases involved constitutional claims for monetary damages under *Bivens*. *Semper v. Gomez*, 747 F.3d 229, 239 (3d Cir. 2014) ("[I]t does not necessarily follow that the long-recognized availability of injunctive relief should be restricted merely because 'special factors counseling hesitation' militate against the creation of a new non-statutory damages [*Bivens*] remedy.") (internal quotations omitted); *Thompson v. Pope*, 397 F. Supp. 2d 28 (D.D.C. 2005); *Polsdorfer v. Gearan*, 1996 WL 451051 (D.D.C. Aug. 1, 1996). Mr. Lenzi has not pleaded a First Amendment *Bivens* claim. Instead, Mr. Lenzi is only asking the district court to exercise jurisdiction it has always had to provide injunctive relief for constitutional claims, in a context where it has undisputedly waived sovereign immunity. *Spagnola v. Mathis*, 859 F.2d 223, 229-30 (D.C. Cir. 1988) ("[T]ime and again this court has affirmed the right of civil servants to seek equitable relief against their supervisors, and the agency itself, in vindication of their constitutional rights.").

Without actual FSA cases directly on point, the Government relies heavily on analogy to the CSRA and related cases, but CSRA and the cases where discrimination claims were actually brought would actually support the district court's jurisdiction over the First Amendment claim here.[5] In *Elgin v. Dept. of Treasury*, 567 U.S. 1 (2012), the Court was concerned that allowing

---

[5] The Government argues that Mr. Lenzi cannot bring a mixed case under the CSRA, Dkt. No. 29 at 15-16, but these arguments are not relevant because Plaintiff's argument is not premised on

11

challenges in district court would "reintroduce the very potential for inconsistent decisionmaking and duplicative judicial review that the CSRA was designed to avoid" and "create the possibility of parallel litigation regarding the same agency action before the MSPB [appealed to the Federal Circuit] and a district court." *Elgin*, 567 U.S. at 14. The Supreme Court has further explained in this context that "[d]esirable as national uniformity may be, it should not override the expense, delay, and inconvenience of requiring employees to sever inextricably related claims, resorting to two discrete appellate forums, in order to safeguard their rights." *Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1987 (2017). But that is ***precisely*** what the Government urges here, suggesting that Mr. Lenzi should bring his First Amendment claim before the Foreign Service Grievance Board or the Office of Special Counsel, even though the claim he has brought here bears a common nexus of operative fact to the Rehabilitation Act claims. *See* Dkt. No. 29 at 14-15. Should Mr. Lenzi be required to bring his First Amendment claim to the FSGB, for example, it would force him to bring one of four claims in front of the Board while the other claims proceeded here in district court. And since the FSA actually provides for judicial review in district court, 22 U.S.C. § 4140, if appealed, unlike under the CSRA, the claim would come right back in front of this court or another district court. Such inefficiencies are exactly what the Supreme Court admonishes against.

There is a further concern that, if the Government's motion is granted as to the First Amendment claim, Mr. Lenzi would not have alternative recourse before the Foreign Service Grievance Board or the Office of Special Counsel. Mr. Lenzi is likely foreclosed from bringing a claim in front of the FSGB. Under the FSA, a grievant cannot file a grievance in front of the FSGB when "***the matter or matters which are the basis of the grievance***" is being "considered or

---

the availability of bringing a mixed case before the FSGB. Rather, the First Amendment claim is properly brought alongside the Rehabilitation Act claims because Plaintiff chose to follow proper EEO procedure to bring the Rehabilitation Act claims in district court.

resolved and relief provided under another provision of law . . . and the matter has been carried to final decision under such provision on its merits or is still under consideration." 22 U.S.C. § 4139 (emphasis added). Because the First Amendment retaliation claim comes out of the same "matter" and a common nexus of operative fact as the Rehabilitation Act claims exhausted through the EEO process, Mr. Lenzi likely cannot bring the claim in front of the FSGB until the end of this district court litigation, if at all.

With regard to the Office of Special Counsel, the Government has cited no case suggesting the OSC is the exclusive forum for First Amendment claims of Federal Employees, let alone that the OSC precludes review of First Amendment claims that have a common nexus of fact to properly pleaded Rehabilitation Act claims brought on behalf of federal employees. Moreover, courts in the past have questioned the adequacy of the OSC as a forum for remedy of constitutional rights. *See, e.g.*, *Spagnola v. Mathis*, 809 F.2d 16, 23 (D.C. Cir. 1986), *on reh'g*, 859 F.2d 223 (D.C. Cir. 1988) ("Our focus on the lack of judicial review of OSC decisions evinces a fear that the OSC, an administrative adjunct itself, whose decision determines whether an employee's claim will even get a hearing, lacks the independence necessary for such a conclusive determination regarding constitutional claims."); *Bridges v. Colvin*, 136 F. Supp. 3d 620, 645-46 (E.D. Pa. 2015), *aff'd sub nom. Bridges v. Comm'r Soc. Sec.*, 672 F. App'x 162 (3d Cir. 2016).

*Finally*, while the Government cited to *Elgin* for the proposition that the comprehensive system of the CSRA precludes constitutional claims,[6] Dkt. No. 29 at 12, the actual holding was

---

[6] The Government also cites *United States v. Fausto*, 484 U.S. 439, 455 (1988), for this proposition. Dkt. No. 29 at 12. However, as mentioned in Plaintiff's previous opposition to the Government's Motion to Dismiss, *Fausto* only dealt with statutory claims, not constitutional claims. *See Am. Fed'n of Gov't Emps. Loc. 1 v. Stone*, 502 F.3d 1027, 1036 (9th Cir. 2007) ("When Congress decides to exclude an employee from the protections of the CSRA or an analogous scheme, . . . *Fausto* precludes the employee from obtaining judicial review of statutory or regulatory claims. However, under *Webster*, the employee may still obtain judicial review of constitutional claims unless Congress, in addition to excluding the employee from the

13

narrower. The issue was "whether the CSRA preclude[d] district court jurisdiction over petitioners' claims even though they are constitutional claims for equitable relief." *Elgin*, 567 U.S. at 8. The Court found that the Federal Circuit provided an avenue of relief, and therefore did not foreclose all judicial relief. *Id.* at 10. Most importantly, the Petitioners did not avail themselves of the MSPB or the Federal Circuit before pursuing the constitutional claim in federal district court (or the EEO process, which was not at issue there). But here, where Mr. Lenzi has exhausted the EEO process and is properly in district court, *Elgin* is readily distinguished on its facts. Moreover, given that other avenues of judicial relief on the First Amendment might be foreclosed to Mr. Lenzi should the Court dismiss the Count, the court should find that § 1331 provides the necessary grant of subject matter jurisdiction in the unique context at issue here.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny the relevant portions of Defendants' Partial Motion to Dismiss discussed above.

---

protections of the CSRA or an analogous scheme, has also expressly declared its intention to preclude review of constitutional claims. Because Plaintiffs–Appellants in this case raise constitutional claims, it is *Webster*, not *Fausto*, that controls.").

Dated: June 17, 2022                                  Respectfully submitted,

*/s/ Christopher A. Suarez*

Christopher A. Suarez (94400)
Thomas M. Barba (*admitted pro hac vice*)
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Email: CSuarez@steptoe.com
           TBarba@steptoe.com

Kate E. Fisch (*admitted pro hac vice*)
Steptoe & Johnson LLP
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 506-3900
Email: KFisch@steptoe.com

*Counsel to Plaintiff Mark Lenzi*

## CERTIFICATE OF SERVICE

I, Christopher A. Suarez, hereby certify that on June 17, 2022, I will cause a true and correct copy of the foregoing to be served via ECF upon the following counsel:

> Matthew J. Mezger
> US Attorney's Office (Alexandria)
> 2100 Jamieson Avenue
> Alexandria, VA 22314
> 703-299-3700
> Email: matthew.mezger@usdoj.gov

Dated: June 17, 2022

*/s/ Christopher A. Suarez*
Christopher A. Suarez