## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| MARK LENZI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-1371 (PTG/IDD) |
| | ) | |
| U.S. DEPARTMENT OF STATE and | ) | |
| ANTONY J. BLINKEN, U.S. Secretary of State, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Last December, Plaintiff initiated this lawsuit with a 46-page complaint alleging discrimination and retaliation by the State Department, and identifying four specific assignments that he wanted but did not get. The Court dismissed a number of Plaintiff's claims from the action. Plaintiff then amended with a second lengthy complaint, adding another assignment decision to his claims and attempting to re-plead claims the Court had already dismissed. That amendment triggered another round of dispositive motions practice, and the Court again dismissed several of Plaintiff's claims from this case.

Now—a year into the case, two motions to dismiss later, with weeks remaining in discovery, and despite having told the Court that he did not anticipate further amendment—Plaintiff has amended his pleading once again. As most pertinent, the Second Amended Complaint newly alleges that the Department discriminated and retaliated against Plaintiff in connection with its assignment decision for an Information Management Technical Specialist ("IMTS") position in Frankfurt in 2021.[1] These claims should be dismissed. Plaintiff did not fully and properly exhaust his administrative remedies regarding this assignment decision, and he cannot now bring it as part of his affirmative case.

---

[1] Plaintiff also re-asserts his failure to accommodate, failure to promote, and First Amendment claims, though he acknowledges the Court's prior rulings on those claims.

## RELEVANT BACKGROUND

### I.     Procedural History

Plaintiff's original Complaint, filed in December 2021, identified four assignments that he wanted but did not get: Frankfurt in 2019, Belgrade in 2020, Athens in 2020, and Warsaw in 2020. Dkt. No. 1 ¶¶ 60–81. From those events, Plaintiff alleged claims of failure to accommodate, failure to promote, discrimination, and retaliation. *Id.* ¶¶ 95–124. Defendants moved to dismiss, and after briefing and argument, the Court dismissed the failure to accommodate and failure to promote claims for lack of administrative exhaustion. Dkt. No. 23. The Court also dismissed the First Amendment retaliation claim for failure to state a claim. *Id.*

Plaintiff then filed an Amended Complaint in May 2022. Dkt. No. 27. In that pleading, Plaintiff added a fifth assignment that he wanted but did not get: Krakow in 2021. *Id.* ¶¶ 82–85. Plaintiff also attempted to re-plead claims the Court had dismissed; thus, Defendants again moved to dismiss, the Court heard argument, and the Court again dismissed the same claims. Dkt. No. 48.

With the scope of the lawsuit set by the Amended Complaint, the parties have been in active discovery since late August 2022 regarding the claims contained in that pleading. *See, e.g.*, Dkt. No. 35 (Joint Proposed Discovery Plan). Indeed, Plaintiff informed the Court months ago that he "d[id] not anticipate the filing of amended pleadings." *Id.* ¶ 4.

To date, in response to Plaintiff's sweeping discovery demands, Defendants have processed and reviewed many thousands of documents, provided more than 21,000 pages (and counting) of documents, agreed to 22 documentary custodians, produced 10 State Department witnesses (and counting) for deposition, and conducted innumerable additional searches. *See* Dkt. No. 58 at 3–4. Plaintiff has moved to compel yet more discovery. *See* Dkt. No. 52.

### II.    Plaintiff's Second Amended Complaint

On October 28, 2022—five months after filing the Amended Complaint, and with just over a month remaining in the discovery period—Plaintiff sought to amend his pleading once more.

Defendants consented on the express condition that the amendment would not lead to a prejudicial amount of additional discovery, and reserved the right to move to dismiss the new allegations. Dkt. No. 50 ("SAC") at 1 n.1.

The Second Amended Complaint once again re-pleads the failure to accommodate, failure to promote, and First Amendment claims that the Court has now twice dismissed. SAC ¶¶ 110–121, 139, 143–148. Additionally, and more significantly for purposes of the instant motion, the Second Amended Complaint adds new allegations regarding a 2021 Frankfurt IMTS assignment decision. *Id.* ¶¶ 86–91.

## LEGAL STANDARD

A claim is subject to dismissal if it fails to allege facts that state a plausible claim for relief rising "above the speculative level." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Legal conclusions, naked assertions, and a formulaic recitation of the elements of a cause of action are legally insufficient. *Twombly*, 550 U.S. at 555.

## ARGUMENT

### I. The Court Should Dismiss the Failure to Accommodate, Failure to Promote, and First Amendment Claims for a Third Time.

The Court has now twice dismissed Plaintiff's claims that the State Department failed to accommodate him, failed to promote him, and retaliated against him for his First Amendment activity. Dkt. Nos. 23, 48. However, Plaintiff once again asserts those claims in his Second Amended Complaint, purportedly to preserve them for appeal—even though the Fourth Circuit has held that it is not necessary to do so. *Young v. City of Mount Ranier*, 238 F.3d 567, 572–73 (4th Cir. 2001) (cited in Defendants' second motion to dismiss). Because their inclusion in the operative complaint yet again revives since-dismissed claims, the Court should once more dismiss the failure to accommodate and failure to promote claims because they were not properly exhausted, and the First Amendment claim because the Court lacks jurisdiction to hear it. Dkt. Nos. 23, 48.

II.   **The Court Should Dismiss the Rehabilitation Act Disparate Treatment and Retaliation Claims as They Pertain to the New Allegations in the Second Amended Complaint.**

As the Court is aware, Rehabilitation Act claims "must comply with the same administrative procedures that govern federal employee Title VII claims." *Stewart v. Iancu*, 912 F.3d 693, 698 (4th Cir. 2019). Plaintiff did not satisfy those administrative procedures with respect to his newest allegations regarding the 2021 Frankfurt IMTS assignment decision, SAC ¶¶ 86–91, in several ways, and he cannot now bootstrap those allegations to the remaining claims in this case.

"The allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint." *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 962–63 (4th Cir. 1996). In this case, as the Second Amended Complaint admits, the 2021 EEO letter of acceptance of Plaintiff's claims listed five discrete actions that Plaintiff was pursuing: (1) non-selection for an assignment in Athens, (2) non-selection for an assignment in Warsaw, (3) inability to include certain supporting testimony in his Warsaw assignment challenge, (4) supervisor's refusal to endorse an award nomination, and (5) non-selection for an assignment in Krakow. SAC ¶¶ 103, 105; DEX 1 at 1–2, 6–7.[2] Plaintiff's dispute with the 2021 Frankfurt IMTS assignment decision does not appear among this list of accepted claims, *id.*—even though he had the opportunity to correct the list if he believed it inaccurate (and, in fact, did so regarding the Krakow claim, *see* DEX 1 at 5). Thus, the universe of exhausted actions from Plaintiff's 2021 EEO claims are those five discrete acts, which (in combination with Plaintiff's 2020 EEO claims that are not at issue in this motion) reflected the outer limits of this lawsuit over the last year of litigation, prior to Plaintiff's newest pleading.

To be sure, Plaintiff *initiated* the EEO process with respect to the 2021 Frankfurt IMTS assignment decision, *see* SAC ¶ 104, but Fourth Circuit case law is clear that mere initiation is not

---

[2] Plaintiff has incorporated his administrative complaints into the pleading, SAC ¶¶ 104–105, which may therefore be considered under Rule 12(b)(6). *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).

enough. Even when a plaintiff "initially availed [himself] of the administrative process," he has failed to exhaust when he "never followed the process through to completion." *Austin v. Winter*, 286 F. App'x 31, 35 (4th Cir. 2008). This is not a technicality: the exhaustion requirement "exists to minimize judicial interference with the operation of the federal government" and to "affor[d] an agency the opportunity to right any wrong it may have committed." *Id.* When a plaintiff abandons a claim during the administrative process, he impedes those underlying purposes; accordingly, he cannot later seek to sue on that same claim in federal court. *Id.*; *see also, e.g.*, *Green v. Sessions*, 2018 WL 2025299, at *7–8 (E.D. Va. May 1, 2018), *aff'd*, 744 F. App'x 802 (4th Cir. 2018), *cert. denied*, 140 S. Ct. 401 (2019); *Tharp v. Lynch*, 2015 WL 8482747, at *6 (E.D. Va. Dec. 8, 2015), *aff'd*, 657 F. App'x 217 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 2193 (2017); *Rodriguez v. McHugh*, 2016 WL 10677888, at *3 (E.D. Va. Feb. 17, 2016); *Nguyen v. Potter*, 2014 WL 2861312, at *5 (E.D. Va. June 24, 2014).[3]

Here, as noted above, Plaintiff did not "follow[] the administrative process through to completion" for his claims regarding the 2021 Frankfurt IMTS assignment decision. *Austin*, 286 F. App'x at 35. His EEO claims-acceptance letter did not include that decision as among the accepted claims, and it informed Plaintiff that "it is essential that you notify this office in writing . . . if you believe this statement does not correctly identify the circumstances surrounding your complaint of discrimination." DEX 1 at 6–7. Any such correction is crucial because the EEO office can only "proceed with an investigation consistent with the line of inquiry proposed" in the acceptance letter. *Id.* at 7. And Plaintiff *did* notify the office with a correction—but it was not a request to include the 2021 Frankfurt IMTS assignment decision as among the accepted claims. *Id.* at 5. After that, the EEO

---

[3] Out-of-circuit courts have held similarly. *See, e.g.*, *McKeithan v. Boarman*, 803 F. Supp. 2d 63, 68 (D.D.C. 2011) ("McKeithan did not challenge the EEO's [acceptance] letter when he received it. In effect, he abandoned his religious discrimination, gender discrimination, and retaliation claims at the administrative level and thereby failed to exhaust them." (collecting cases)), *aff'd*, 498 F. App'x 47 (D.C. Cir. 2013); *Andrews-Willmann v. Paulson*, 287 F. App'x 741, 746 (11th Cir. 2008); *Clayton v. Rumsfeld*, 2003 WL 25737889, at *3 (W.D. Tex. Aug. 8, 2003), *aff'd*, 106 F. App'x 268 (5th Cir. 2004); *Palmer v. Potter*, 2010 WL 11500520, at *17–18 (N.D. Ga. Jan. 12, 2010).

office made Plaintiff's requested revision (to a different claim regarding a different assignment), reissued its acceptance letter (which does not include the 2021 Frankfurt IMTS assignment), and did not receive any further correspondence from Plaintiff. *Id.* at 1–2. Plaintiff's discrimination and retaliation claims based on the 2021 Frankfurt IMTS assignment decision have not been fully and properly exhausted. *See supra.*

That Plaintiff abandoned his claims regarding this position and cannot now revive them at this late stage in the action—after two rounds of dispositive motion briefing and the near completion of discovery—is only confirmed by his decision not to include the claims in any of his previous pleadings. That, too, presents its own obstacle. *See, e.g., Slate v. Potter*, 459 F. Supp. 2d 423, 430 (M.D.N.C. 2006) (finding that the plaintiff forfeited judicial review over his claims when he did not timely assert them in a civil action), *aff'd*, 365 F. App'x 470 (4th Cir. 2010); *Lorenzo v. Rumsfeld*, 456 F. Supp. 2d 731, 736–37 (E.D. Va. 2006) (same), *aff'd*, 225 F. App'x 165 (4th Cir. 2007). Plaintiff initiated this action nearly a year ago and made the affirmative decision not to pursue any claim in connection with the 2021 Frankfurt IMTS assignment decision. *See generally* Dkt. No. 1 (original Complaint). Months later, when he amended his complaint, Plaintiff again made the deliberate choice not to pursue any such claim. *See generally* Dkt. No. 27 (First Amended Complaint). He even represented to the Court in August 2022 that he "d[id] not anticipate the filing of amended pleadings." Dkt. No. 35 ¶ 4. His abandonment of any claims in connection with the 2021 Frankfurt IMTS assignment decision could not have been clearer, and the law does not permit him to circumvent established administrative requirements and to assert new claims in federal district court in the last month of discovery.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss for the third time Plaintiff's failure to accommodate, failure to promote, and First Amendment claims; as well as dismiss Plaintiff's Rehabilitation Act claims regarding the 2021

Frankfurt IMTS assignment decision for failure to exhaust.

Dated:  November 25, 2022

Respectfully submitted,

JESSICA D. ABER
United States Attorney

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LAUREN A. WETZLER
Chief, Civil Division

CARLOTTA P. WELLS
Assistant Branch Director

_____/s/_____
MATTHEW J. MEZGER
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:     (703) 299-3741
Fax:     (703) 299-3983
Email:  Matthew.Mezger@usdoj.gov

CATHERINE M. YANG
JOSEPH E. BORSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Tel: (202) 514-4336/1944
Email: Catherine.M.Yang@usdoj.gov
        Joseph.Borson@usdoj.gov
*Counsel for Defendants*